UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK   (Brooklyn)
-----------------------------------------------------------------------x
RAMON AGUILAR,                              Docket No.: 1:16-cv-02551-DLI-PK

                                Plaintiff,      REPLY
                                                       AFFIRMATION
   -against-

JOHN BENNETT and S&M TRANSPORT,

                                Defendants.
-----------------------------------------------------------------------x

       EVAN GEWIRTZ, an attorney duly admitted to practice before the United States District Court, Eastern District of New York, hereby affirms under the penalties of perjury the truth of the following:

       1.     I am the attorney for the plaintiff RAMON AGUILAR (hereinafter "Plaintiff" or "AGUILAR") herein and as such am fully familiar with the facts and circumstances surrounding the within matter.

       2.     This Reply Affirmation is made in support of Plaintiff's motion for Summary Judgment as to liability as against Defendants JOHN BENNETT and S&M TRANSPORT (collectively referred to as the "Defendants") pursuant to Fed. R. Civ. P. 56.

       3.     With all due respect to Defendants' counsel, Defendants' affirmation in opposition is based on abject hearsay and their case citations are inapposite to the facts of the case at bar. Furthermore, even if the gravamen of their opposition, the police accident report, was not hearsay it would still not be sufficient to defeat Plaintiff's motion for Summary Judgment.

       4.     Specifically, the accident description in the police accident report pertaining to this subject accident does not quote any of the three drivers directly. Accordingly, the entire accident description is hearsay and inadmissible.

5. Defendants' counsel has carefully crafted the language of his opposition to make it appear as if the Boone truck stopped short. What the inadmissible hearsay police accident report description states is as follows: "MV3 (the "Boone truck") had stopped in [sic] road because [sic] vehicle <u>in front of him</u> in the middle lane stopped short." It <u>does not say</u> the Boone truck stopped short. Rather, it states that the Boone truck stopped in the road.

6. Therefore, since the vehicle in front of the Boone truck was not listed in the police accident report, we know that vehicle was not involved the accident. The Boone truck simply stopped in the road and did not contact the vehicle in front of him. Plaintiff's truck, which was behind the Boone truck, did not stop short and was able to bring his vehicle to a safe stop two meters behind the Boone truck. It was only Defendants' tractor trailer that was unable to stop, and violently struck Plaintiff's truck which caused significant damage and propelled Plaintiff's truck into Boone's truck.

7. Defendants' counsel took great liberties with the accident description but even if his depiction of the accident description was accurate and the report was not hearsay, his own client's admissions are sufficient to grant summary judgment in this case. Indeed, Defendant JOHN BENNETT was driving a 53 foot tractor trailer weighing approximately 15,000 pounds, and was admittedly driving 50 mph <u>only four to five car lengths</u> behind Plaintiff's truck when he saw Plaintiff's truck slowing down. In light of the size and weight of Defendants' tractor trailer, coupled with his rate of speed, the Bennett tractor trailer was an unquestionably unsafe distance behind Plaintiff's truck. As evidence of the fact that he was following too closely at the speed he was travelling, Mr. Bennett admitted that when he saw Plaintiff's car slowing down, he was slowing down but realized he wasn't slowing down fast enough and struck the rear of Plaintiff's truck. *See Plaintiff's Motion, Exhibit 10, pp. 28 and 42.*

8.  Accordingly, the admitted negligent actions of Mr. Bennett, outlined above, were the cause of the accident that took place on May 29, 2014. Even if he were not relying on inadmissible proof, the excuses proffered by Defendants are not sufficient to deny Plaintiff's motion for summary judgment.

9.  As noted *supra*, Defendants' case citations are inapposite to the facts of the case at bar. Indeed, in *Napolitano v. Galletta*, 85 A.D.3d 881 (2nd Dept. 2011), plaintiff, Gina Napolitano, was a passenger in the vehicle owned by defendant John Napolitano, and operated by defendant Angelina Napolitano (the "Napolitanos" or the "host vehicle"). The host vehicle was then struck in the rear by defendant Galletta. Defendant Galletta then commenced a third party action against the Napolitanos. The Napolitanos made a motion for Summary Judgment dismissing the third-party complaint against them based on the fact that they were stopped, or were coming to a stop, at the moment they were rear ended by Defendant Galletta. The Supreme Court granted the Napolitanos' motion. However, the Appellate Division reversed the order based on Galletta's affidavit stating that the Napolitanos' vehicle stopped short and collided with the truck in front of it <u>prior to her striking the Napolitanos' vehicle</u>. The aforementioned facts thereby created a triable issue of fact as to whether the Napolitanos' vehicle caused or contributed to the subject accident.

Unlike the facts in *Napolitano*, the Aguilar truck, here the "host vehicle," came to a gradual stop and <u>did not strike the car in front of it</u>. In fact, both vehicles in front of Mr. Bennett, and possible more, all faced with the same exact road conditions and circumstances and brought their respective vehicles to a complete stop in a safe manner. It was only Mr. Bennett that did not bring his tractor trailer to a complete stop. Moreover, even if Mr. Bennett alleges that the Aguilar vehicle slammed on his brakes, Mr. Bennett could not stop before colliding with

plaintiff's truck because he was travelling too fast for the road conditions and following too closely given the size and weight of his tractor trailer. Accordingly, the Napolitano case, and the Appellate Division's decision arising therefrom, is clearly distinguishable from the case at bar.

10. In *Tutrani v. County of Suffolk*, 10 N.Y.3d 906 (Ct. of Appeals 2008), a Suffolk County police officer abruptly decelerated his vehicle from 40 miles per hour to 1 – 2 miles per hour while changing lanes on a highway. Plaintiff was able to bring her car to a complete stop prior to striking the police officer's vehicle in the rear, but was thereafter struck in the rear by the vehicle driven by defendant Maldonado. The Court of Appeals opined that a jury could determine that the police officer's [reckless] conduct created a foreseeable chain of events that resulted in the rear end collision, which precluded summary judgment as a matter of law as against Maldonado.

Here, there was/is no testimony or evidence of such reckless driving by any of the vehicles noted in the police accident report, and certainly no such evidence as against Mr. Aguilar. Further, it cannot be said that any of the actions of the three trucks in front of the Bennett tractor trailer created a foreseeable chain of events resulting in the collision, as at least two trucks, and possibly more vehicles, came to a safe stop prior to Mr. Bennett's tractor trailer striking Mr. Aguilar's truck and there is no evidence of anyone swerving into the lane where the accident took place.

Accordingly, the facts in *Tutrani* are inapposite to the facts of the case at bar.

11. In *Hudgins-Russell v. Sharma*, 983 N.Y.S.2d 879 (2nd Dept. 2014), plaintiff was a passenger in the Sharma vehicle which struck the rear of the Michel vehicle. Plaintiff brought suit against both parties. Defendant Michel brought a motion for Summary Judgment against Sharma based on the fact that Michel vehicle was rear ended by the Sharma vehicle. The motion

was denied by the Supreme Court and thereafter affirmed by the Appellate Division. The basis for the denial and affirmance was the testimony that the situs of the accident was covered by snow and ice, and immediately before the accident the Michel vehicle <u>abruptly changed lanes</u> directly in front of the Sharma vehicle and <u>then</u> came to a sudden stop. As such, there was a triable issue of fact as to whether Michel was negligent in the operation of his vehicle.

Contrary to the facts in *Hudgins-Russell*, there was/is no testimony or evidence in the case at bar that the roads were wet, icy or slippery at that time of the accident. In fact, Mr. Bennett testified that on the day of the accident the weather was good and the roads were dry. *See Plaintiff's Motion, Exhibit 10, pp. 15, 26.* Moreover, there was/is no testimony or evidence of either of the two trucks in front of Mr. Bennett's tractor trailer abruptly changing lanes prior to the accident. Accordingly, the decision in *Hudgins-Russell* is inapposite to the case at bar.

12. Similar to *Hudgins-Russell*, the plaintiff in *Markesinis v. Jaquez*, 106 A.D.3d 961 (2nd Dept. 2013) <u>abruptly changed lanes</u> in front of the defendant and came to a sudden stop. The Supreme Court denied plaintiff's motion for summary judgment, stating that there were triable issues of fact as to as whether plaintiff was negligent in the operation of his vehicle. The Appellate Division confirmed the Supreme Court's reasoning and affirmed its decision.

Again, contrary to the facts in *Hudgins-Russell* and *Markesinis*, there was/is no testimony or evidence that either of the two trucks in front of Mr. Bennett tractor trailer abruptly changed lanes prior to the accident. Accordingly, the decision in *Markesinis* is also inapposite to the case at bar.

13. Defendant has not distinguished any of the cases cited by the plaintiff.

14. Accordingly, based upon all of the above, defendants have not offered a genuine non-negligent excuse as to the cause of the subject accident. Hence, Summary Judgment as to liability is warranted.

Dated: Jericho, New York
      May 9, 2017

                                                  Evan Gewirtz, Esq.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Plaintiff's Reply Affirmation was served via First Class Mail this 9th day of May, 2017 upon:

Craig A. Lamster, Esq.
Galvano & Xanthakis, PC
358 St. Marks Place, Suite 202
Staten Island, New York 10301

                                                                     _____
                                                                     Evan Gewirtz, Esq.

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (Brooklyn)
------------------------------------------------------------X    Docket Case No.: 16cv02551
RAMON AGUILAR,

                         Plaintiff,

         -against-

JOHN BENNETT and S&M TRANSPORT,

                         Defendants.
------------------------------------------------------------X
```

*REPLY AFFIRMATION*

---

**THE GEWIRTZ LAW FIRM**
**Attorneys for Plaintiff**
500 N. Broadway, Suite 129
Jericho, New York 11753
(516) 829-1600

---

Service of a copy of the within is hereby admitted:

Dated: May 9, 2017
Signature (Rule 130.1-1-a)

_____
EVAN GEWIRTZ, ESQ.

**PLEASE TAKE NOTICE:**
____ NOTICE OF ENTRY

That the within is a true copy of an_____ duly entered in the office of the clerk within named court on

____ NOTICE OF SETTLEMENT

That an order _____ of which the within is a true copy will be presented for settlement to the HON._____ one of the judges of the within named Court, at on_____ 2006 at ____ m
Dated:

                                                          Yours, etc.

                                                  **EVAN GEWIRTZ, ESQ.**