UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RAMON AGUILAR,                                            :
                                                          :
                  Plaintiff,                   :      **SUMMARY ORDER**
                                                          :
                -against-                     :      16-CV-2551 (PK)
                                                          :
JOHN BENNETT and S&M TRANSPORT,                           :
                                                          :
                  Defendants.                  :
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

      Plaintiff Ramon Aguilar ("Plaintiff"), a citizen of New York, brings this personal injury lawsuit against Defendants John Bennett ("Bennett") and S&M Transport (together with Bennett and S&M Transport, "Defendants"), both citizens of New Jersey. Plaintiff initially filed the lawsuit in Kings County Supreme Court. Defendants thereafter removed the action to this Court, pursuant to 28 U.S.C. § 1441(a)-(b) and this Court's 28 U.S. § 1332(a) diversity jurisdiction. Plaintiff now moves for summary judgment on the issue of Defendants' liability, pursuant to Fed. R. Civ. P. 56(a). The parties consented to jurisdiction of the Magistrate Judge. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is denied.

## BACKGROUND

      On May 29, 2014, the tractor trailer operated by Defendant Bennett struck the back of Plaintiff's truck on the Long Island Expressway in Oyster Bay, New York. (*See* Gewirtz Aff. ¶ 10, Dkt. 27-1.) The tractor trailer was owned by Defendant S&M Transport. (*See id.*) Plaintiff alleges that this rear-end collision caused his truck to be pushed into the vehicle in front of him, and that he sustained severe and permanent personal injuries as a result. (*See* Gewirtz Aff. ¶ 12; Comp. ¶ 23, Dkt. 1-2.)

      Plaintiff alleges that Defendants were "negligent, careless and reckless in the ownership,

operation, management, maintenance, supervision, use and control of the aforesaid vehicle," and seeks monetary damages for the alleged personal injuries and economic loss resulting from the collision. (*See* Comp. ¶¶ 23, 26-27.)

Plaintiff now moves for summary judgment, claiming that there are no issues of material fact because his truck was at a complete stop when it was struck by the tractor trailer. (*See* Gewirtz Aff. ¶ 12-13.) Defendants, however, contend that there is a dispute of material fact in that Plaintiff's vehicle stopped suddenly just before it was struck. (*See* Lamster Aff. ¶ 3-6, Dkt. 28.)

## DISCUSSION

### I. Standard for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute is one in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of proving that no genuine factual issues exist. *Giannullo v. City of New York.*, 322 F.3d 139, 140 (2d Cir. 2003). A court resolving a motion for summary judgment draws all reasonable inferences and resolves all ambiguities in favor of the nonmoving party. *Anderson*, 477 U.S. at 255; *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

### II. Analysis

Plaintiff correctly states that, "[u]nder New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle." *Krynski v. Chase*, 707 F. Supp. 2d 318, 322 (E.D.N.Y. 2009) (quoting *Hong v. Maher*, No. 02-CV-7825, 2004 WL 771127, at *2 (S.D.N.Y. April 14, 2004). However, the presumption of negligence can be rebutted if Defendants provide "a non-negligent explanation for the collision." *Id.* at 323. An example of such a non-negligent explanation is "a sudden stop of the vehicle ahead." *Id.*

Plaintiff maintains that his truck was at a complete stop when the rear of his truck was struck by Defendants' vehicle. (Aguilar Aff. ¶¶ 7-8, Dkt. 27-13.) However, Defendants dispute this by pointing to Defendant Bennett's testimony that he saw Plaintiff's truck braking unexpectedly just before he struck it. (Lamster Aff. ¶ 4; Dkt. 27-11 at 28.)

The factual dispute as to whether there was an "abrupt, sudden, or otherwise unreasonable" stop prior to the collision, *Krynski*, 707 F. Supp. 2d at 324, is a genuine issue of material fact that would "affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *see also, Yi Fu Chen v. Spring Tailor, L.L.C.*, No. 14-CV-218, 2015 WL 3953532, at *7 (S.D.N.Y. June 29, 2015) (finding that courts have held that "an abrupt stop by a front car . . . can support a finding of (at least) comparative fault."). Construing the evidence in the light most favorable to Defendants as the non-moving party, a reasonable jury could find that Defendants have articulated a non-negligent explanation for the collision and that Plaintiff's negligence contributed to the accident. Therefore, since there remains a triable issue of fact as to Defendants' liability, summary judgment is precluded.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment is denied. Trial will go forward on liability and damages.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
October 23, 2017